## CITY OF NEW YORK v. UNITED STATES.

### No. 46268.

Court of Claims.

Feb. 2, 1948.

Bernard H. Friedman, of New York City (Charles E. Murphy and Harry E. O'Donnell, both of New York City, on the brief), for plaintiff.

Kendall M. Barnes, of New York City, and Herbert A. Bergson, Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and WHITAKER, LITTLETON, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

The City of New York sues for just compensation for the requisition by the defendant of one of its subway trains. The defendant alleges that the train, at the time of requisition, had no value except as scrap. Plaintiff sues for its value as a train.

We are of opinion that it had no value as a train and that its only value was the scrap value of the materials in it.

It was purchased as an experiment in 1934 by the New York Rapid Transit Corporation, a subsidiary of the Brooklyn-Manhattan Transit Corporation. It was of novel design, differing considerably from the conventional subway train. It was made largely of aluminum, even to the wheels and trucks. Instead of the conventional construction of a car with trucks at each end, this train had but one truck to support the ends of the two adjacent units. This made the addition or subtraction of other units a much more complicated process than the addition or subtraction of a car of an ordinary train.

It could not be used in conjunction with the conventional type of train. The operating equipment on it was designed for a light train and could not be used on the conventional trains.

It did not prove a success. It was tried first on the regular runs, but was taken off of them because it could not be readily shortened or lengthened to adapt it to the rush-hour or slack traffic. It was then put on a short shuttle run. Even so, it was out of commission about half of the time. In the last 168 days of its operation it was in the repair shop 130 days. It was finally taken out of operation altogether. The estimate of the cost of putting it in operating shape exceeded its original cost. This expense was obviously unjustified and it was permanently withdrawn from service. This was in May 1939.

In June 1939 the City of New York entered into a contract for the purchase of the transit lines of the Brooklyn-Manhattan Transit Corporation, and its subsidiaries, including their rolling stock. This purchase was consummated in June 1940. Thereafter, the City made no effort to put the train in operating condition, but, instead, removed from it all usable parts, as well as other parts, which were later disposed of as scrap. The total original cost of the parts removed was $25,500. There is appended to the findings a list of the material removed. To use an expression of one of the witnesses, the train was "can-

nibalized." After this material had been removed the train had no useful value, outside of the scrap value of the material in it.

Over three years after operation of the train had been abandoned, and after plaintiff had dismantled it, the defendant requisitioned it. It awarded plaintiff $3,500 for it, which was the highest of the seven bids defendant received for it, "where is and as is." We do not believe plaintiff could have secured more than this.

 No part of the award has been paid plaintiff. Since we think the award fairly represents just compensation, we hold that plaintiff is entitled to recover the sum of $3,500 and, in addition, an amount to compensate it for the delay in payment, which will be computed at four percent per annum from December 1, 1942, to May 30, 1944.

Judgment for this amount will be entered. It is so ordered.

JONES, Chief Justice, and HOWELL, MADDEN, and LITTLETON, Judges, concur.